IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTHONY GORDON, | ) |
|     PLAINTIFF, | ) |
| v. | ) No.: _____ |
| | ) **JURY DEMAND** |
| WIREMASTERS, INC. | ) |
|     DEFENDANT | ) |

**COMPLAINT**

Plaintiff, Anthony Gordon, by and through counsel, alleges for his Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against WireMasters, Inc., for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*. Plaintiff needed protected leave to care for his wife and son during difficult health circumstances. He received assurances from the company but then was terminated for "absences" or "no show" when, in fact, he was not required to choose between his family and his job because his absences were legally protected.

**II. THE PARTIES**

2. Plaintiff Anthony Gordon currently resides in Maury County, Tennessee, and is a citizen of the United States.

3. Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. § 2611(2)(A), *i.e.*, one who worked more than 1,250 hours in the 12-month period preceding his leave.

1

4. Defendant WireMasters, Inc., is a Tennessee corporation located within the Middle District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § 2611(4)(A).

5. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)–(c).

### IV. FACTS

9. Defendant employed Plaintiff for over 12 years. Until January 2015, he was employed in purchasing. At the time of his termination in April 2016, Plaintiff was employed in the position of Sales Order Auditor.

10. At the time of his termination, Plaintiff earned $19.25/hour.

11. Plaintiff had a good work history throughout his first 10 years at WireMasters, receiving positive performance reviews and earning annual performance-based pay increases.

12. In 2014, the Gordon family was hit twice by serious health conditions. First, Plaintiff's son was born with disabilities, including clubbed feet and brain abnormalities. Then, Plaintiff's wife Miranda Gordon was diagnosed with meningitis. Ms. Gordon was previously diagnosed with meningitis in 2005.

13. Because of his wife's and son's health, beginning in 2014, Plaintiff needed reasonable leave from work to care for his family. It was well-known at the company that the reason for Plaintiff's leave was the health of his family.

14. WireMasters, at first, accommodated Plaintiff's family's needs. In January 2015, they created the position of Sales Order Auditor for him with the express purpose to make it easier for both Plaintiff and the company when Plaintiff needed to take leave.

15. However, in his 2015 performance review, Plaintiff was given low marks for attendance even though his leaves from work were legally protected against being "negative actions." The company did not give Plaintiff formal disciplining for attendance, which is provided for in company policies. Based on his performance evaluation, Plaintiff was denied his annual pay raise—an "adverse action" because of protected leave.

16. In March 2016, Plaintiff's wife, Miranda Gordon, again began suffering from serious health problems. She was forced to undergo several serious tests, including a spinal tap. Doctors determined Ms. Gordon had nerve damage and chronic inflammation in her brain caused by her two prior bouts of meningitis. On April 1, 2016, her neurologist ordered that she be under supervision until her condition improved.

17. On April 4, 2016, Plaintiff called Defendant's Human Resources Department and relayed the news about his wife and how he would need to take Family Medical Leave to care for her. The company advised Plaintiff to take whatever time he needed and that they could just fill out the paperwork later. This was consistent with Plaintiff's prior experience with taking FMLA leave—that paperwork was a formality.

18. During his FMLA leave, Plaintiff did provide care for his wife due to her serious health condition. This included providing services such as transporting her to doctor's

appointments, cooking, cleaning, assuming all childcare responsibilities for their disabled son who was less than two years old at the time, helping her to stand and walk, and administering medication.

19. On April 25, 2016, while still on FMLA leave, the company terminated Plaintiff's employment. As grounds, it stated Plaintiff was a "no call/no show" for more than three days. However, at that time, Plaintiff had been on FMLA leave for three weeks and was *not required* to choose between his family and work. He was on approved *leave*.

20. Plaintiff called Defendant's HR department. That company representative admitted that he had spoken to Plaintiff on April 4, that Plaintiff had requested time off, that he had told Plaintiff to take as much time as he needed, and that they could fill out the paperwork later. The representative stated they had miscommunicated about the duration of the leave and that the representative thought Plaintiff was simply asking for one day off.

21. Even under this "miscommunication" theory, however, Defendant did not alter the termination or give any opportunity for cure of the misunderstanding—obviously realizing that Plaintiff was indeed caring for his wife during a serious time of need. The HR department simply let the termination stand.

22. Plaintiff's termination has caused him great hardship and damage. The loss of his health insurance was particularly troubling given his disabled son's medical needs. Additionally, Plaintiff lost his job, his wages, and other benefits at a time when they are needed most. Accordingly, Plaintiff seeks these damages along with liquidated damages for the reckless deprivation of his protected right to leave.

## V. COUNT ONE—FMLA INTERFERENCE

23. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1–22 herein.

24. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise his rights under the FLMA—to wit, using Plaintiff's use of leave as a "negative factor" in denying Plaintiff his 2015 annual raise, denying Plaintiff the leave he requested in April 2016, and terminating him for his use of protected leave.

25. Additionally, or in the alternative, Defendant is equitably estopped from denying Plaintiff the leave it granted to him.

## VI. FMLA RETALIATION

26. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1–22 herein.

27. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by involuntarily terminating and/or unlawfully discriminating against the Plaintiff for exercising his rights under the FMLA—to wit, orally allowing Plaintiff the leave but then terminating him for taking it.

## VIII. PRAYER FOR RELIEF

28. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits, or other compensation, including, but not limited to back

pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

D. Reasonable attorneys' fees;

E. The costs and expenses of this action;

F. Such other legal and equitable relief to which Plaintiff may be entitled; and

G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER,
SCOTT BOBBITT PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 17079)
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
(423) 499-3044
(731) 664-1540 Facsimile
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 23515)
Caraline E. Rickard (TN Bar No. 34414)
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
(615) 354-1144
(731) 664-1540 Facsimile
jbobbitt@gilbertfirm.com
crickard@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*